**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCIA BRYSON,** | ) | **CASE NO.1:07CV724** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MIDDLEFIELD VOLUNTEER FIRE** | ) | **OPINION AND ORDER** |
| **DEPT., INC., ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Federal Claims and to Dismiss for Lack of Subject Matter Jurisdiction (ECF#6) and Plaintiff's Motion, Pursuant to Rule 56(f), To Allow Discovery, If Necessary, Before Fully Opposing Defendants' Motion for Partial Summary Judgment (ECF #8). For the following reasons, the Court grants Plaintiff's Motion and denies, at this time, Defendants' Motion subject to revisit after completion of discovery.

Plaintiff filed her First Amended Complaint on April 16, 2007, alleging Title VII sexual harassment, retaliation, hostile work environment and wrongful/constructive discharge claims

against Defendants. Plaintiff contends Defendant is an employer with more than fifteen employees, making it subject to Title VII requirements. She further contends the EEOC found Defendant to be an employer of more than fifteen employees. Plaintiff alleges she was subjected to sexual advances and threatened with loss of pensions and promotion if she did not comply with the sexual demands made by a supervisor.

On June 26, 2007, Defendants moved for partial summary judgment on Plaintiff's federal claims, alleging Defendant is not an employer under Title VII as its staff consists of only five paid positions; the rest are "volunteers" who work without pay. After opposing Defendants' Motion, Plaintiff filed its Rule 56(f) Motion requesting discovery as to the benefits received by the "volunteer" firefighters.

## **LAW AND ANALYSIS**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer " to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin..." 42 U.S.C. § 2000e-2(a)(1) defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person..." 42 U.S.C. §2000e(b). Employee is defined as "an individual employed by an employer..." 42 U.S.C. §2000e(f). In Title VII cases, the term "employee" is to be broadly construed. *Christopher v. Stouder Memorial Hosp.,* 936 F.2d 870 (6th Cir. 1991).

The parties dispute the appropriate test the Court must apply to determine if an individual is an employee under Title VII.  Defendants contend the appropriate test is the "economic realities" test discussed in *Neff v. Civil Air Patrol,* 916 F. Supp.710 (S.D. Ohio 1996).  Plaintiff contends the appropriate test is the "common law agency" test found in *Shah v. Deaconess Hospital,* 355 F.3d 496 (6th Cir. 2004). The caselaw is clear the Sixth Circuit has adopted the common law agency test over the economic realities test when analyzing whether a person is an employee or an independent contractor.  See *Shah* at 499.  The Court notes that in *Neff,* the Southern District of Ohio court relied on *Armbruster v. Quinn,* 711 F.2d 1332 (6th Cir. 1983) *overruled on other grounds,* as the basis for applying the economic realities test when determining whether a person is an employee or a volunteer.  However, the *Armbruster* court was also confronted with determining whether a person was an employee or an independent contractor. This Court is not convinced that application of either the economic realities test or the common law agency test is appropriate when determining whether a person is an employee or a volunteer, as opposed to an independent contractor, for Title VII purposes.  In fact, this Court is unaware of any Sixth Circuit case which discusses the appropriate test to apply when a court is confronted with this issue.

However, other Courts have examined this same issue and found, in the context of whether the person in question is an employee or volunteer, there exists an antecedent requirement of remuneration.  Because an economic realities test and common law agency test presume there has been a "hire," they cannot be the basis for a preliminary inquiry when the question involves a volunteer.  The Second Circuit has developed, in multiple decisions, the following analysis in volunteer cases:

3

> We have refined the rather elliptical statutory definition to hold that "a prerequisite to considering whether an individual is [an employee] is that the individual have been hired in the first instance." *O'Connor v. Davis,* 126 F.3d 112, 115 (2d Cir.1997). Furthermore, we have stated "that the question of whether someone is or is not an employee under Title VII usually turns on whether he or she has received direct or indirect remuneration from the alleged employer." *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.,* 180 F.3d 468, 473 (2d Cir.1999) (internal quotations omitted). Thus, we have held:
> Where no financial benefit is obtained by the purported employee from the employer no 'plausible' employment relationship of any sort can be said to exist because although 'compensation by the putative employer to the putative employee in exchange for his services is not a sufficient condition, ... it is an essential condition to the existence of an employer-employee relationship.' *O'Connor,* 126 F.3d at 115-116 (quoting *Graves v. Women's Prof'l Rodeo Ass'n,* 907 F.2d 71, 73 (8th Cir.1990)).

*York v. Association of the Bar of the City of New York, et al.,* 286 F.3d 122, 125-126 (2nd Cir. 2002). The Eighth Circuit, in *Graves*, also held remuneration is the proper initial inquiry in a Title VII volunteer case. ("Compensation by the putative employer to the putative employee in exchange for his services is not a sufficient condition, but it is an essential condition to the existence of an employer-employee relationship.") *Graves*, at 73.  See also, *Jacob-Mua v. Veneman,* 289 F.3d 517 (8th Cir. 2002), and *Smith v. Berks Community Television,* 657 F. Supp. 794 (E.D. Pa. 1987), (finding "control of a person" analysis is applicable in cases that distinguish between employee and independent contractor or borrowed servant.  While critical in this context, the control analysis is not dispositive when distinguishing between an employee and a volunteer).

In *Haavistola v. Community Fire Company of Rising Sun, Inc.,* 6 F.3d 211 (4th Cir. 1993), the Fourth Circuit analyzed the employee status of a volunteer firefighter for purposes of Title VII's numerosity requirement.  In reversing a district court's finding on summary judgment that

4

volunteer firefighter did not receive sufficient benefits to make them employees for purposes of Title VII, the Fourth Circuit held it was within the purview of the finder of fact whether benefits received represented indirect but significant remuneration.  Finally, the United States Supreme Court in *Tony & Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 303 (1985) analyzed the applicability of the Fair Labor Standards Act to individuals working at a religious foundation.  The Court cited to factors used by the Solicitor General when considering whether an individual was a volunteer or employee.  The factors include: receipt of benefits for services performed, whether the occupation was full time, and whether the services performed are those typically associated with volunteer work.  Though these requirements are not binding on this Court, as they applied to the FLSA, they are instructive in the priority given to the receipt of benefits when analyzing employment status.

Upon examination of these cases, the Court finds compensation analysis is an antecedent inquiry that must be examined prior to application of the economic realities or common law agency tests.  The Court is mindful of its obligation to apply Sixth Circuit law and finds that an antecedent inquiry into the whether an individual has been hired is rational, necessary and does not conflict with, but rather complements, the common law agency test currently used by the Sixth Circuit.  Furthermore, its application is limited solely to the issue of employee versus volunteer, an issue that has not yet been address by the Sixth Circuit in the Title VII context.

There are significant disputes over the types of benefits received by the firefighters of Middlefield.  Plaintiff contends firefighters in Middlefield receive gift card bonuses and incentives, longevity fund payments, emergency fund payments, travel reimbursement, workers' compensation benefits and training benefits that could lead to career opportunities.  Though

5

Defendants dispute many of these assertions, this Court believes the nature and substance of the alleged benefits received by Middlefield firefighters may be dispositive of Middlefield's classification under Title VII. Because the question of the alleged benefits received by Middlefield firefighters is fact intensive, the Court agrees Plaintiff must be given an opportunity to conduct discovery to further explore these benefits. Therefore, the Court grants Plaintiff's Motion, under Fed. R. Civ. P. 56(f), and will permit discovery prior to addressing the question of Middlefield's Title VII liability. The Court also denies Defendants' Motion for Partial Summary Judgment and Motion to Dismiss at this time. The Court will revisit this issue upon completion of discovery.

       IT IS SO ORDERED.

                                      s/Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      United States District Judge

March 26, 2008